Hurt *vs.* Mason.

No. 55.—WILLIAM HURT, plaintiff in error *vs.* JOHN M. MASON, defendant in error.

[1.] When a defendant in execution files an affidavit of illegality thereto, he is bound at his peril to state all the grounds of illegality which exist at that time, and present the same to the court in the manner required by the statute and rule of court.

[2.] No second affidavit of illegality will be allowed for causes which existed at the time of filing the first.

Affidavit of Illegality. From Hancock Superior Court. Tried before Judge SAYRE. April Term, 1847.

An execution from said Superior Court, issued upon a judgment rendered in that Court in favour of Hurt, the plaintiff in error, against one Thomas Mason and the said John M. Mason the defendant in error, was proceeding, when it was arrested by an affidavit of illegality made by the defendant in error, alleging that it was proceeding illegally against him, for that he had paid the money due thereon, except the sum of thirty-five dollars, which he had tendered to the plaintiff, who refusing to receive it, he had deposited the same in the clerk's office.

At the aforesaid term of the Court below, the affidavit of illegality came on to be tried, when the plaintiff, by his counsel, moved to dismiss the same, on the ground that a previous affidavit of illegality had been filed in the same cause and disposed of. The previous affidavit, with the judgment of the Court thereon, was produced. The ground assumed in said previous affidavit was, that the deponent, John M. Mason, had paid the whole amount due on said execution, except the sum of thirty-two dollars and twelve cents, and that he had tendered payment of said balance, which had been refused. The judgment of the Court upon said previous affidavit of illegality was, that it should be dismissed, on the ground that the balance admitted to be due was neither paid, nor tender thereof legally made, or deposited.

Whereupon, after argument, the Court below overruled the plaintiff's motion to dismiss, and the plaintiff's counsel excepted—

First. Because said decision is contrary to law.

Second. Because the same is contrary to the rules of court, which rules are obligatory in the Superior Courts, when not in violation of some statute.

Third. Because a defendant in execution is not permitted to in-

terpose affidavit of illegality more than once to the same *fi. fa.*, either for the same cause or any other cause; but after one affidavit is disposed of by the Court, such defendant is left to such remedies as he may have, independent of the Statute of Georgia authorizing affidavits of illegality to executions.

THOMAS, for the plaintiff in error.

The illegality complained of is the same in both cases, but whether the same or not, is to be received but once. *See rule of Superior Court.*

Writ of *audita querela* at common law lies for same causes as affidavit of illegality under Statute of Georgia. 3 *Black. Com.* 405, 406.

Though the writ at common law is matter of right, and can be instituted a second time after once dismissed, yet no second injunction to stay the execution can be had. 3 *Black. Com.* 406, *note.*

LEWIS, for defendant.

*By the Court*— WARNER, J. delivering the opinion.

From the record in this case, it appears that John M. Mason filed his affidavit of illegality to an execution proceeding against him in favour of Wm. Hurt, according to the provisions of the Act of 1799, which declares, "In all cases where execution shall issue illegally, and the person against whom such execution may be shall make oath thereof, and shall state the causes of such illegality, the sheriff shall return the same to the next term of the court out of which the same issued, which court shall determine thereon at such term." *Hotchkiss,* 602. By the Act of 1821, the Judges of the Superior Courts were required to convene at the seat of government once in each year for the purpose of establishing uniform rules of practice throughout the several circuits in this State. *Hotchkiss,* 500. By the 16th common law rule established by the judges in convention it is declared, "When an affidavit of illegality is made on account of partial payments made on the execution, the defendant at the time of making such affidavit must pay up the amount he admits to be due, or the sheriff shall proceed to raise that amount and accept the affidavit for the balance.

*No second affidavit of illegality shall be received by any sheriff or other officer."* *Hotchkiss,* 948.

The defendant stated in his affidavit, " that the *fi. fa.* was proceeding illegally against him, for that he had paid the money due on said *fi. fa.* except the sum of thirty-five dollars, which he has tendered to the plaintiff, and which the plaintiff has refused to receive, and that he has deposited said amount in the clerk's office."

The plaintiff moved the Court below, to dismiss the affidavit of illegality, on the ground that a previous affidavit of illegality had been filed in the same cause, and disposed of. The plaintiff then produced the previous affidavit and the judgment of the court thereon. In the former affidavit of illegality to the same execution, the defendant stated, " that the execution was proceeding against him illegally, for that he had paid the whole amount due on said execution except the sum of thirty-two dollars and twelve cents, and that he had tendered the payment of this balance, and it had been refused." The first affidavit was made on the 25th day of August, 1846, the second was made on the 26th February, 1847. After hearing the first affidavit of illegality, the Court below "ordered that said affidavit of illegality be dismissed, on the ground that the balance admitted due is neither paid, or tender legally made, or deposited." On hearing the motion to dismiss the second affidavit of illegality, the Circuit Court overruled the motion, to which decision the plaintiff excepted, and now assigns the same for error in this Court.

We are of the opinion that the motion to dismiss the second [1.] affidavit of illegality ought to have been allowed, according to the terms of the rule of practice before cited.

That rule was intended to prevent vexatious delay in the collection of the demands of judgment creditors. The defendant who has had his day in court, is bound at his peril, to state all the grounds of illegality which may exist *at the time* of filing his affidavit, and strictly comply with the rule on his part. If he fails to do so, it is his own fault, and the courts cannot, under the [2.] rule, grant him further indulgence. If he could be permitted to state one ground only, when he has several, and file separate affidavits for each separate ground when one shall be decided against him, or make out his affidavit *defectively* and then be allowed to file another, the mischief would be intolerable. The only way to maintain the integrity of the rule, and protect the rights of plaintiffs in execution against unreasonable delay, is to require the

defendant to state all his grounds of illegality at once, and present the same to the court in the manner required by the law and the rule of practice established by the judges in convention; and if he fails or neglects to do so, he must abide the consequences of his own negligence. Whether a defendant in execution will be permitted to file a second affidavit of illegality, for causes which *did not exist* at the time of filing the first, but which arose *subsequently*, and which could not have been included in the first affidavit, we express no opinion. We leave that an open question, to be decided whenever it shall be made. Let the judgment of the Court below be reversed.