MILES HUNTER, plaintiff in error, *vs.* WILLIAM M. DAVIDSON, defendant in error.

When a second affidavit of illegality is filed to an execution, the defendant should state fully and specifically the reasons why the grounds therein contained could not have been known to him, or, where the transactions were through an agent, to his agent, at the time of filing the first.

Illegality. Before Judge JOHNSON. Screven Superior Court. November Term, 1876.

Reported in the opinion.

JOHN C. DELL; J. LAWTON SINGLETON, for plaintiff in error

P. W. MELDRIM, for defendant.

WARNER, Chief Justice.

This was an affidavit of illegality to a mortgage *fi. fa.* It appears from the record and bill of excetions, that on the 28th of January, 1876, M. Hunter, the defendant in *fi. fa.*, filed an affidavit of illegality thereto, upon four grounds, which, at the May term of the court thereafter, were considered and all overruled, except one in relation to the advertisement of the property, which was sustained, and the property was ordered to be re-advertised, when the defendant filed the following second affidavit of illegality:

First, because the plaintiff has obtained a common law judgment for the same debt that said mortgage was given to secure and judgment rendered, that said common law judgment is but for the sum of $6,962.24, principal, with interest from

the date of its rendition, to-wit: April term, 1872, of Screven superior court, and besides costs. And that said mortgage *fi. fa.* is for the sum of eight thousand dollars, principal, and interest on the same from the date of its rendition, to-wit: November term, 1872, of said court, besides costs of suit and eight hundred dollars for attorneys' fees. Wherefore, the mortgage judgment is for a much larger amount than the common law judgment.

Second, because said *fi. fa.* has been paid off and discharged in full; for, after the rendition of said two judgments, Miles A. J. Hunter, as the agent of said defendant, did, on the 1st day of March, 1873, pay to plaintiff the sum of two thousand dollars in money, and did deliver to said plaintiff two drafts, drawn by said Miles A. J. Hunter, on Westlow, Wade & Co., of Savannah, and by them accepted, one of which drafts was for twenty-five hundred and fifty-four dollars, and sixteen cents, and due sixty days after the date thereof; and the other of said drafts was for four thousand four hundred dollars, and payable twelve months after the date thereof. Wherefore, the said plaintiff did, for the consideration aforesaid, then and there covenant and agree to assign, transfer and set over said two judgments to said Miles A. J. Hunter, upon his payment of all costs due on the same (the attorneys' fees not being deemed costs), and upon the payment of the said two drafts. And this affiant alleges that said costs has been paid as per agreement aforesaid; and that said two drafts were, after their delivery by said Miles A. J. Hunter to said plaintiff, transferred and assigned by said plaintiff to one John Cooper, as per agreement of plaintiff and defendant, at the time the said two drafts were delivered, as aforesaid, on the said 1st day of March. And the said defendant alleges that said Miles A. J. Hunter has, since said transfer and assignment, paid off and taken up both of said drafts. But the fact of the payment and taking up of said two drafts did not come to the knowledg of this defendant until after the adjournment of the last term of the superior court of said county of Screven. And this defend-

ant further alleges that, since said 1st day of March, by virtue of certain agreements and undertakings between himself and Miles A. J. Hunter, founded upon valuable considerations, the said Miles A. J. Hunter has released this defendant from all liability to pay said two judgments, as well as the *fi. fas.* issuing from the same; for the said Miles A. J. Hunter claims nothing to be due him on said *fi. fas.* from this deponent.

This second affidavit of illegality was sworn to on the 3d of July, 1876. The plaintiff demurred to this second affidavit of illegality, which was sustained by the court, and the affidavit of illegality dismissed, whereupon the defendant excepted. The second ground of illegality was the only one seriously insisted on here— that is, the payment of the *fi. fa.*—which fact, it is alleged, was not known to the defendant when he filed his first affidavit. When a second affidavit of illegality is filed to an execution, the defendant should state fully and specifically the reasons why the grounds contained in the second affidavit could not have been known to him at the time of filing the first affidavit. The defendant in this case should have stated when, and to whom, the payment was made, and all the circumstances attending the payment, in order that the court might have seen that the second affidavit was made in good faith, and not for the purpose of delay.

Miles A. J. Hunter appears to have been the agent of the defendant, in negotiating the transaction set forth in his affidavit, and he does not state that his agent did not know that the drafts had been paid off and taken up at the time of the making of his first affidavit. Notice to the agent of any matter connected with his agency, is notice to the principal. Code, §2200. If the defendant's agent had notice that the drafts were paid off and taken up before, or at the time of, the making of the first affidavit, then the defendant, in contemplation of the law, also had notice of that fact, and the agent's knowledge is not denied. These second affidavits of illegality should be closely scrutinized.

We find no error in sustaining the plaintiff's demurrer to the defendant's second affidavit of illegality.

Let the judgment of the court below be affirmed.