Burnett *vs.* Fouche', assignee.

BURNETT *vs.* FOUCHE', assignee.

An affidavit of illegality to an execution was filed. It was amended, but the amendment was withdrawn, and on November 12th, 1885, it was dismissed. At the succeeding February term of court, a second affidavit of illegality was filed, which failed to allege that its grounds did not exist, or were unknown, or might not have been known in the exercise of reasonable diligence at the time of filing the first. This was dismissed on demurrer. On the next day, without any leave previously obtained, the defendant filed in the court an amendment thereto, in which he alleged that the facts on which this affidavit rested were unknown to him when he filed his first affidavit and the amendment thereto, and came to his knowledge only a few days previous to the 5th day of December, 1885:

*Held*, that if this amendment had been offered in time, it failed to comply with the rule requiring of the defendant diligence in ascertaining the facts, and was demurrable.

(*a.*) The affidavits are utterly destitute of merit, and ten per cent. damages are awarded for prosecuting this writ of error for delay only.

December 21, 1886.

Practice in Supreme Court. Illegality. Before Judge BRANHAM. Polk Superior Court. February Term, 1886.

Reported in the decision.

HENRY WALKER, for plaintiff in error.

DABNEY & FOUCHE', for defendants.

HALL, Justice.

This case comes before this court upon exception to the judgment of the superior court dismissing a second affida-

vit of illegality by defendant to plaintiff's execution. The decision complained of was made at the February term, 1886, of Polk superior court. The first affidavit, after being amended, and the amendment having been withdrawn by the defendant was dismissed at the previous term of the court, on the 12th day of November, 1885, and from this judgment no writ of error was taken.

The second affidavit, as originally filed, set forth no reason why it should be allowed or entertained in accordance with the requirements of the 31st rule of practice of the superior court, which declares that "no second affidavit of illegality shall be received by any sheriff, or other officer, for causes which existed, or were known or, in the exercise of reasonable diligence, might have been known at the time of filing the first." Code, p. 1349, and citations under the rule. The day after this affidavit had been disposed of by being dismissed on demurrer, the defendant filed in court, but without any leave previously obtained, an amendment thereto, in which an attempt was made to comply with the rule by alleging therein " that the facts on which this affidavit rests were unknown to him when he filed his first affidavit and the amendment thereto, and only came to his knowledge a few days previous to the 5th day of December, 1885." Had this amendment been offered in time, it is obvious that it is not a compliance with the condition on which, under the rule, a second affidavit of illegality could be received, as no diligence whatever to ascertain the facts was shown. Apart from other defects and insufficiencies appearing upon its face, which it is unnecessary to particularize, this alone required the court to sustain the demurrer, and to order it to be dismissed. Besides, it is difficult, if not impossible, to reconcile this statement with others set out in the first and also in the second affidavit, touching the information of facts on which the defendant filed each of them.

The affidavits are utterly destitute of merit, and the circumstances attending their filing, as well as those which

transpired during the trial, justify the conclusion that this writ of error could have been brought and prosecuted for delay only, and therefore we are constrained to comply with the plaintiff's request, and award him ten per cent. damages.

Judgment affirmed, with damages.