## FULLER & OGLESBY *v.* VINING.

Defendant in a *fi. fa.* issued upon a revived judgment, after litigating the legality of a levy, and after final judgment that the levy proceed, cannot raise the question, by a subsequent affidavit of illegality, of proper service upon him in the proceedings to revive the judgment before the *fi. fa.* issued.

July 13, 1891.

Illegality. Judgments. *Res adjudicata.* Before Judge JENKINS. Morgan superior court. September term, 1890.

Reported in the decision.

FOSTER & BUTLER, for plaintiffs.

CALVIN GEORGE, for defendant.

LUMPKIN, Justice.

The *fi. fa.* referred to in the head-note was, in June 1888, levied upon certain property of D. M. Vining, the plaintiff's attorney having placed in the sheriff's hands an affidavit to the effect that the property was subject, although covered by a homestead. Vining filed a counter-affidavit to the effect that the property had been regularly and legally set apart as a homestead, and denying that it was subject to this *fi. fa.* The final verdict in this case was against the counter-affidavit, and a judgment was rendered ordering the *fi. fa.* to proceed. The same *fi. fa.* was afterwards levied upon property of D. M. Vining, and he filed an affidavit of illegality, alleging that he was not personally served with a copy of the *scire facias* to revive the dormant judgment. He was served with a copy thereof by leaving the same at his residence.

It is unnecessary to decide whether the service actually made was legally sufficient or not, because it was *res adjudicata* between these parties that the *fi. fa.* was a valid one against D. M. Vining. This ruling disposes of the case, but we may remark that the counter-affidavit originally filed by this defendant was substantially an affidavit of illegality, and so regarding it, rule 31 of the superior courts would be applicable. That rule provides that a second affidavit of illegality cannot be filed for "causes which existed and were known, or in the exercise of reasonable diligence might have been known, at the time of filing the first." If the ground

of the second illegality was true in fact, it must have been known to defendant when he filed the first. Manifestly, therefore, the judgment of the court below in sustaining this last affidavit of illegality was wrong.

*Judgment reversed.*