BINDER *v.* RAGSDALE, ordinary, for use.

A second affidavit of illegality filed to arrest the progress of an execution previously levied, must state not only that the grounds newly laid in the second affidavit were unknown to the affiant at the time the first was made, but that the facts upon which such second affidavit rests could not have been discovered by him in the exercise of due diligence prior to the:

filing of the first affidavit, specifying how and wherein he was diligent.

Argued January 21,—Decided March 5, 1897.

Affidavit of illegality. Before Judge Candler. DeKalb superior court. February term, 1896.

*W. W. Braswell*, for plaintiff in error.
*R. O. Lovett*, contra.

LITTLE, Justice.

A number of grounds appear in the affidavit of illegality filed in this case. But, under the view which we take, it is unnecessary to separately consider the several grounds. If they were so considered, it would seem that those of them which have any merit were adjudicated under the affidavit first filed. This, the second affidavit, was dismissed on motion; and the question to be here considered is whether or not there was any error committed by the court below in such ruling. An execution in favor of Ragsdale, ordinary, for use, etc., issued on a judgment rendered in the superior court of DeKalb county, and was levied on certain property of the defendant. On the 17th day of October, 1893, she filed an affidavit of illegality to such execution, on certain grounds named therein. This affidavit was, on the 23d day of August, 1895, by the judgment of the superior court of DeKalb county in which the same was pending, dismissed. On the 6th day of January, 1896, a second (the present) affidavit of illegality was filed to the same execution. In this second affidavit the affiant swears that the grounds set forth therein were unknown to her prior to January 1st, 1896. The record of the case seems to be somewhat confused, but enough appears to enable the court to adjudicate the question whether this second affidavit was properly dismissed. It will be noted that, with reference to her knowledge of the existence of the grounds set out in the second affidavit of illegality, the affiant only states that such grounds were unknown to her prior to January 1st, 1896. By the 31st rule of

practice in the superior courts, it is prescribed that no second affidavit of illegality shall be received by any sheriff or other officer for causes which existed and were known, *or in the exercise of reasonable diligence might have been known at the time of filing the first.* If this rule of court is to prevail, it will be readily seen that the affiant does not entitle herself by these allegations to interpose this second affidavit. It may be true that the grounds of the second affidavit were unknown to her at the time of filing the first, and it may also be entirely true that by the exercise of reasonable diligence she *might* have known of the existence of such grounds when the first affidavit was filed. The judgment against the affiant on which the execution issued, was rendered at the February term, 1893, of DeKalb superior court. The first affidavit interposed to that execution bears date October 17th, 1893. Under the rule of court above referred to, this affidavit exhausted the right of the defendant to interpose an illegality, except for causes which were unknown to her, and could not in the exercise of reasonable diligence have been known to her at the time of filing the same; and therefore to entitle her to have a second affidavit considered, it is necessary that the reasons for not including the grounds of the latter in the first shall be fully stated, and it is also necessary that the affiant affirmatively aver that such new grounds were not known *to, nor in the exercise of reasonable diligence could have been discovered by her at or before the filing of the* first affidavit. Before this rule of court was made, the 16th common law rule, established by the judges in convention, declared that no second affidavit of illegality should be received by the sheriff or any other officer. Hotchkiss, 948. In *Hurt* v. *Mason,* 2 *Kelly,* 368, this court left as an open question, to be thereafter decided when made, the proposition whether a second affidavit might not be filed for causes which did not exist at the time of filing the first, but which arose subsequently and which could not have been included in the first affidavit; and it is believed that the present rule

of court was made to meet the question raised by that de-
·cision. In the case of *Leonard* v. *Collier*, 53 *Ga.* 387, the
judgment was defective and the execution thereon had is-
sued illegally; the sheriff having refused to accept a second
affidavit of illegality, an injunction was sought to restrain
him from enforcing the execution. It was there ruled that
a second affidavit might be filed on the happening of a new
ground, or on the discovery of a new fact; or an amendment
of the first affidavit might be made, if the defendant would
·swear that he did not know of the grounds when the original
was filed; or in the case of the second, that he did not know
of the grounds until after the first affidavit had been disposed
of. In the case of *Hunter* v. *Davidson*, 59 *Ga.* 260, where
a second affidavit was interposed, this court ruled that the
defendant should state fully and specifically the reasons why
the grounds therein contained could not have been known to
him at the time of filing the first, in order that the court
might have seen that the second affidavit was made in good
faith and not for the purpose of delay. In the case of
*Burnett* v. *Fouche*, 77 *Ga.* 550, where a second affidavit of
illegality was filed which failed to allege that its grounds
did not exist or were unknown and could not have been
known by the exercise of reasonable diligence at the time of
filing the first, this court ruled that such second affidavit was
properly dismissed on demurrer, citing as authority therefor
the rule of court heretofore referred to. In that case the
original affidavit was dismissed on November 12th, 1885,
and the second affidavit was filed at the succeeding February
term of the court. This latter affidavit failing to allege
that its grounds did not exist or were unknown or might
not have been known in the exercise of reasonable diligence
at the time of filing the first, the affiant, without any leave
previously obtained, filed in the court an amendment to the
second affidavit, in which he alleged that the facts on which
this affidavit rested were unknown to him when he filed his
first affidavit and came to his knowledge only a few days

previous to the 5th day of December, 1885. Upon this state of facts, it was expressly ruled that if this amendment had been offered in time, it failed to comply with the rule requiring of the defendant diligence in ascertaining the facts, and was demurrable. It seems, therefore, that by the rule of court now of force the 16th common law rule has been enlarged by adding certain provisions which would authorize the interposition of a second affidavit of illegality, but under the law as it now stands, in order that a second affidavit may be maintained, it must be affirmatively shown that the grounds upon which it is based were not known to the affiant at the time of filing the first affidavit, nor, in the exercise of reasonable diligence, could have been known at such time, and it is incumbent upon the affiant to allege how and wherein he has exercised diligence, and to otherwise state fully and specifically the reasons why the grounds therein contained could not have been known to him at the time of filing the first affidavit. See 59 *Ga.* 260, and other authorities cited supra. These are the conditions upon which a second affidavit may be interposed, and in the absence of a compliance therewith, no sheriff or other officer is invested with authority to receive it. In the case under consideration the averment is that the grounds contained in the second affidavit were not known to affiant at a given date. Such averment, without more, fails to meet the rule. The affidavit was therefore defective and properly dismissed.

*Judgment affirmed. All the Justices concurring.*