## 9630. ANDERSON *et al. v.* BANK OF CHATSWORTH.

Under the Civil Code (1910), § 6288, a second affidavit of illegality is not maintainable if based on "causes which existed and were known, or in the exercise of reasonable diligence might have been known at the time of filing the first." The court, therefore, did not err in directing a verdict against the affidavit of illegality in this case.

DECIDED OCTOBER 22, 1918.

Affidavit of illegality; from Murray superior court—Judge Tarver. February 12, 1918.

*H. H. Anderson,* for plaintiffs in error. *J. Roy McGinty,* contra.

BLOODWORTH, J. The Bank of Chatsworth sued D. D. Anderson and H. H. Anderson. H. H. Anderson for himself and for D. D. Anderson acknowledged service on the petition. Judgment was obtained against both defendants, and execution was issued, and to a levy of this execution on certain land an affidavit of illegality by H. H. Anderson was interposed "for himself and as attorney in fact for D. D. Anderson," as follows: "1. That the said Bank of Chatsworth holds deed to said property levied upon, for security of said debt. 2. That before the making of said levy the plaintiff in execution did not make and have recorded in the clerk's office a deed reconveying said property to the defendants, as required by the statute." Upon the trial of the issue thus raised the jury returned a verdict sustaining the affidavit of illegality. The execution was again levied, and a second affidavit of illegality filed, alleging that the execution issued and was proceeding illegally because "the said D. D. Anderson has never had his day in court, was never served with any process, or other notice of the pendency of the suit whereon said execution is based, nor did he waive service, nor did he appear and defend said suit; that the acknowledgment of service as appears on said suit was not authorized by him, the said D. D. Anderson." The affidavit was by "H. H. Anderson, as attorney in fact for D. D. Anderson." Upon the trial of the

second affidavit of illegality H. H. Anderson testified as follows: "that the acknowledgment of service which· appears upon the original petition was made by him at the instance of 'the attorney for the Bank of Chatsworth; that D. D. Anderson resided in the State of Tennessee, and had for twenty years; that said acknowledgment of service was made just about the last day for· service for the next term of court; that he was not authorized to acknowledge service." The first affidavit of illegality was then offered in evidence. The record then shows that the following occurred: "At this point the court inquired of counsel for affiant in illegality, why the grounds of illegality could not have been incorporated in the first affidavit? Counsel stated that as the judgment was void for lack of service, the same could be attacked at any time. Whereupon the court directed the following verdict: 'We, the jury, find against the illegality.'" It is not disputed that H. H. Anderson, who acknowledged service on the original petition, was the same Anderson that filed both affidavits of illegality. When he filed the first affidavit he could not have been ignorant of the cause upon which the second was based. The Civil Code (1910), § 6288, provides as follows: "No second affidavit of illegality shall be received by any sheriff or other officer, for causes which existed and were known, or in the exercise of reasonable diligence might have been known at the time of filing the first." See *Cone Export &c. Co.* v. *McCalla,* 113 *Ga.* 17 (38 S. E. 336); *Hunter* v. *Davidson,* 59 *Ga.* 260; *Hambrick* v. *Crawford,* 55 *Ga.* 335. The court properly directed a verdict for the plaintiff.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*