122

ELDERS *v.* BEASLEY *et al.,* administrators.

No. 6401. September 19, 1928.

*H. H. Elders,* for plaintiff. *H. C. Beasley,* for defendants.

Beck, P. J. H. H. Elders filed his petition against H. C. Beasley and Mrs. L. V. Kennedy, administrators of the estate of J. A. Kennedy, alleging, in substance, that Kennedy in his lifetime sued to judgment a note against the plaintiff. Later the judgment was paid, and a written receipt taken for the payment. Subsequently Kennedy died, and the defendants were appointed as his administrators. The fi. fa. issued upon the judgment was levied, and an affidavit of illegality was filed, setting up payment in full, and stating that the proof was in a receipt. When the illegality case came on for trial, petitioner stated he had been unable to find the receipt, and withdrew the affidavit of illegality without the same being considered on its merits. Later the fi. fa. was levied again. The receipt had then been found, and petitioner being of the opinion that he could not file a second affidavit of illegality, filed this equitable petition setting forth the facts and praying injunctive relief. The defendants filed a demurrer in which they denied that the plaintiff had any right either by a second affidavit of illegality or in the court of equity. The court sustained the demurrer, and a bill of exceptions was filed.

The court did not err in sustaining the demurrer to the petition. Where a common-law judgment has been obtained, and execution issued upon such judgment has been levied upon property of the defendant, the defendant, if he has paid off the amount of the debt after the rendition of the judgment, may set up this

defense at law by affidavit of illegality. Under the facts alleged, affidavit of illegality was the appropriate remedy provided by law. This defense the defendant availed himself of, but dismissed the illegality for reasons stated in his petition. Having dismissed the affidavit of illegality, he could not file a second. "A second affidavit of illegality is not maintainable if based on the same facts that the first affidavit was based upon. The fact that the first affidavit was dismissed, without a trial of the issues raised or attempted to be raised by it, does not make an exception to the rule. Civil Code, § 6288; *Hurt* v. *Mason*, 2 *Ga.* 367; *Leonard* v. *Collier*, 53 *Ga.* 388(3) ; *Burnett* v. *Fouché*, 77 *Ga.* 550; *Fuller* v. *Vining*, 87 *Ga.* 600 (13 S. E. 635) ; *Baker* v. *Smith*, 91 *Ga.* 143 (16 S. E. 967) ; *Binder* v. *Ragsdale*, 100 *Ga.* 400 (28 S. E. 165) ; *Cone Export etc. Co.* v. *McCalla*, 113 *Ga.* 17 (38 S. E. 336)." *Bell* v. *Atlanta Telephone &c. Co.*, 15 *Ga. App.* 680 (84 S. E. 175). The rule laid down in the *Bell* case is supported by the authorities cited. But the fact that the defendant in fi. fa. can not file a second affidavit of illegality does not confer upon the defendant the right to go into a court of equity to set up a purely legal defense, which the law in the first instance afforded him. Equity affords defenses in certain cases where there is a deficiency in the law in providing means of asserting a just defense. But there is no deficiency in the law here. The case on the facts pleaded necessarily makes a strong appeal to the court. The defendant had paid the debt in full after judgment. He had a receipt. This is all admitted to be true by the demurrer. He filed his affidavit of illegality, setting up this fact, but was not "in position to prove by receipt that he had paid it," and could not himself testify to the payments, because the creditor had died. But since the dismissal of the affidavit which he had filed the petitioner is "in position to prove by receipt and other evidence" that the judgment had been paid in full. What other evidence besides the receipt the defendant had is not disclosed by the petition. Nor does the petition disclose why the defendant was not in possession of the receipt when the case first came on for trial. He may have mislaid it, or forgotten where he had deposited it, but for some reason he did not have it in his possession. These facts do not afford any basis for equitable interposition, nor confer upon a court of equity authority to consider a purely legal defense. If it had been shown

in the petition that the defendants in the equitable petition had by fraud or in any other way brought about the situation of the defendant in fi. fa., so that he could not produce his legal evidence, a case for equitable interference would have been made; but it is not made under the petition as it stands, and the court properly sustained the demurrer. *Mitchell* v. *Cooper,* 73 *Ga.* 796; see also *Williams* v. *Kennedy,* 134 *Ga.* 339 (67 S. E. 821).

*Judgment affirmed. All the Justices concur.*