## 19154. NATIONAL BANK OF LUMPKIN *v.* MILLER.

DECIDED MARCH 13, 1929.

*George Y. Harrell,* for plaintiff.

*A. W. & John G. Cozart, Bradford Bagley,* for defendant.

JENKINS, P. J. 1. The bill of exceptions recites that the judge directed a verdict for the defendant. The only assignment of error is upon the judgment overruling the plaintiff's motion for a new trial. The only grounds of the motion for new trial are: that the verdict is contrary to evidence and without evidence to support it, is decidedly and strongly against the weight of the evidence, and is contrary to law and the principles of justice and equity. The only question presented to this court for determination is whether the court erred in overruling the motion for a new trial upon the grounds stated therein, and the grounds of the motion do not raise the point that the court erred in directing a verdict because there were issues of fact which should have been submitted to the jury. *Kerce* v. *Davis,* 165 *Ga.* 168 (140 S. E. 287). This is true although the judgment overruling the motion for a new trial is assigned as error upon the ground that "under the law and the facts and evidence in said case the court erred in directing a verdict in said case," since that ruling is not assigned as error, either in the motion for a new trial, or in the bill of exceptions, and does not appear to have been passed upon by the trial judge.

2. This was a suit for damages, by the bank, against Miller, in which it was alleged that the defendant, as landlord, had seized and disposed of certain crops upon which the bank held a mortgage, as to which crops the landlord's superior lien had, with the knowledge of Miller, been waived in favor of the mortgage by his predecessor in title. From the evidence it appears that Miller became the owner of the land on March 18, 1926, that on January 25, 1926, the attorney of the previous owner wrote to Miller that he had rented the premises to a certain person, and that, as had been done theretofore, the landlord's lien on the crops "would" be waived in favor of the bank, subject, however, to the approval of Miller or whoever else became the owner. According to Miller's testimony, at the time he became the owner of the land he called upon the attorney of the previous owner, who had written the letter referred to, for the rent note; whereupon the attorney told him that if the previous owner had continued to own the place she would run it as she had theretofore, by waiving the rent, but "if you buy it, you can do as you please about that," and Miller re-

plied that he would decide that for himself. It appears, therefore, from the testimony of Miller, that he had no actual knowledge or notice of any such waiver at the time he became the owner of the land, and the only record notice of such a waiver appears from such an entry written upon the bank's mortgage and recorded April 9, 1926. Accordingly, since the proof does not show a waiver on the part of the defendant himself of his landlord's lien, and the evidence does not require a finding that he was aware that any such waiver had been made by his predecessor in title, under the rule stated in the preceding division of this decision the court did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Stephens and Bell, JJ., concur.*