DECIDED NOVEMBER 14, 1929.

*R. R. Jackson, C. E. Moore,* for plaintiff in error.

## 19573. WHITE et al. v. BANK OF REX.

JENKINS, P. J. 1. Where on the trial of a case on August 23, 1928, an order was entered striking portions of a defendant's plea, and no exceptions pendente lite were taken, and the only exception to that ruling is contained in a bill of exceptions which excepts to the final judgment rendered in the case, overruling the defendant's motion for a new trial, which bill of exceptions was presented on January 15, 1929, this court is without jurisdiction to pass upon the exception to the ruling on the pleadings. *Tompkins* v. *American Land Co.,* 139 *Ga.* 377 (3) (77 S. E. 623); *Green* v. *Beaumont,* 39 *Ga. App.* 606 (4) (147 S. E. 911).

2. After the judgment striking portions of the plea of the defendants, the only issue remaining was as to the service of notices of attorney's fees. While it appears that the notices were actually mailed, the presumption which ordinarily might exist in favor of their receipt by the addressees does not have application here, since it appears that they were actually received and receipted for by persons other than the defendants, and there is no sort of proof that such persons were authorized to receive them as agents of the addressees, or that the notices were actually delivered to the addressees. Defendant in error suggests, in the brief of counsel, that if the court should believe that the proof is inadequate with reference to the service of the notices of attorney's fees, it would desire to have the judgment for attorney's fees written off rather than have the entire judgment set aside. Accordingly, if the plaintiff will, at the time the judgment of this court is made the judgment of the court below, write off from the judgment the item of attorney's fees, the judgment of the court below denying a new trial stands affirmed; otherwise it is reversed.

*Judgment affirmed on condition. Stephens and Bell, JJ., concur.*
Decided November 14, 1929.

*Brown & Brown,* for plaintiffs in error.   *O. J. Coogler,* contra.