### 20042. MACARTHY *v.* ROSS COMPANY.

DECIDED SEPTEMBER 6, 1930.

*Pottle, Hardwick, Farkas & Cobb,* for plaintiff in error.
*E. L. Smith,* contra.

JENKINS, P. J. As set forth in the first division of the syllabus, no exceptions pendente lite having been entered to the direction of the verdict, and no exception having been taken to such action by the court in the motion for new trial, the complaint on such ground as embodied in the bill of exceptions, entered more than six months subsequent to the trial, can not be considered, and the contention of counsel for plaintiff in error in their brief that the evidence did not demand a verdict for the plaintiff, does not authorize setting the verdict and judgment aside. In order for the verdict to be overturned, this court would have to go further in this respect than is insisted by counsel for plaintiff in error in

their brief, and hold as a matter of law that the verdict was not *authorized* under any theory of the evidence. It appears that at the time the improvements were made upon the realty of the defendant and the material for which the suit was instituted furnished, the defendant had become the owner of the premises and was in sole possession thereof. It further appears from the evidence that she was fully cognizant of the fact that the building was being erected and that the material was being used for the improvement of her premises, one witness testifying that she had seen the defendant owner of the premises talking with the person in charge of the work, and had also seen her walking about the premises during the period of construction, and "standing around looking." There is no testimony, direct or indirect, that the defendant interposed any objection to the making of the substantial improvement to her property, but, on the contrary, the facts and circumstances seem to imply her acquiescence and approval of the improvement of her property by the person in charge of such operation. Thus, while it is the rule that "the title of the true owner of land can not be subjected to a lien for material, unless he expressly or impliedly consents to the contract under which the improvements are made" (*Reppard* v. *Morrison,* 120 *Ga.* 28, 47 S. E. 554), the case appears to be very similar to that of *Jones* v. *Traynham,* 20 *Ga. App.* 349 (93 S. E. 154), in which this court said: "It is undisputed that the owner of the real estate improved was in exclusive possession of the property, where she resided with her son, and had full knowledge that her son was having a garage erected thereon, and that she entered no objection to the making of this substantial improvement, which inured to her benefit." See also, in this connection, *Hall* v. *Collins,* 41 *Ga. App.* 748.

*Judgment affirmed. Bell, J., concurs. Stephens, J., dissents.*