## 21309. RYALS v. WIDINCAMP.

JENKINS, P. J.   1. Where on the trial of a case on December 9, 1929, an order was entered striking portions of the affidavit of illegality filed by a defendant in fi. fa., and no exceptions pendente lite were taken, and the only exception to that ruling is contained in a bill of exceptions which excepts to the final judgment rendered in the case, overruling the defendant's motion for a new trial, which bill of exceptions was presented on January 15, 1931, this court is without jurisdiction to pass upon the exception to the ruling on the pleadings.   *White* v. *Bank of Rew*, 40 *Ga. App.* 558 (150 S. E. 565).

2. Since the only assignment of error upon the action of the court in directing a verdict against the affidavit of illegality is that contained in the bill of exceptions, presented more than a year after the ruling complained of, and the only grounds of the motion for a new trial are

the usual general grounds that the verdict is contrary to evidence and without evidence to support it, is decidedly and strongly against the weight of the evidence, and is contrary to law and the principles of justice and equity, the only question presented for determination by this court is whether the trial court erred in overruling the motion for a new trial upon the grounds stated therein, and the point is not raised that the court erred in directing a verdict because there were issues of fact which should have been submitted to the jury. *Kerce* v. *Davis*, 165 *Ga.* 168 (140 S. E. 287); *Tyson* v. *Anderson*, 164 *Ga.* 673, 677 (139 S. E. 410); *National Bank of Lumpkin* v. *Miller*, 39 *Ga. App.* 502 (147 S. E. 592); *Macarthy* v. *Ross Co.*, 41 *Ga. App.* 758 (154 S. E. 914).

3. Under the Civil Code (1910), § 6288, a second affidavit of illegality "shall not be received by any sheriff or other officer, for causes which existed and were known, or in the exercise of reasonable diligence might have been known at the time of filing the first." The only ground of the second affidavit of illegality in the instant case, not stricken on demurrer, set forth payment of the execution by virtue of a judgment in favor of the defendant in fi. fa. in previous litigation between the parties in another court. Since the first affidavit of illegality referred to the previous litigation, the defendant in fi. fa. must have known the facts upon which the ground as to payment was based at the time of filing the first affidavit, and the verdict in favor of the plaintiff in fi. fa. was authorized. *Anderson* v. *Bank of Chatsworth*, 22 *Ga. App.* 736 (97 S. E. 255); *Anderson* v. *Georgia State Bank*, 38 *Ga. App.* 225 (143 S. E. 461).    *Judgment affirmed.    Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 12, 1931.

*W. B. Kent,* for plaintiff in error.    *H. H. Elders,* contra.