### 33468.    BELL *v.* TYSON.

DECIDED APRIL 18, 1951.

*R. A. Moore,* for plaintiff in error.

*L. A. Hargreaves,* contra.

SUTTON, C.J.  John Bell and J. S. Tyson executed a bill of sale to The Citizens Exchange Bank, on October 23, 1947, covering a 1936 model Chevrolet automobile, to secure an indebtedness of $311.50.  This debt was paid by J. S. Tyson, who as holder of the bill of sale proceeded to foreclose the same against John Bell on February 5, 1948.  Bell filed an affidavit of illegality to the statutory foreclosure proceeding on February 6, 1948, and then dismissed or withdrew the same when the case came on for trial on February 21, 1950.  He filed a second affidavit of illegality to the foreclosure proceeding on February 27, 1950, and the plaintiff demurred generally and specially thereto.  The defendant amended his affidavit of illegality, and the plaintiff demurred generally to the second affidavit as amended and renewed his general demurrers, said demurrers being to the effect that the second affidavit of illegality was insufficient in law; that the defendant failed to allege in what way he was diligent in trying to ascertain the facts set out in his second affidavit and the amendment thereto at the time the first affidavit of illegality was filed; and that the defendant failed to allege why the grounds contained in the second affidavit could not have been known to him at the time of filing the first affidavit.  The trial judge sustained the general demurrer and dismissed the second affidavit of illegality as being insufficient in law, and the defendant excepted.

"No second affidavit of illegality shall be received by any sheriff or other officer, for causes which existed and were known, or in the exercise of reasonable diligence might have been known at the time of filing the first."  Code, § 24-3328; Code (Ann. Supp.), § 24-3348.  The fact that the first affidavit was withdrawn or dismissed without a trial does not make an exception to the rule stated.  *Bell* v. *Atlanta Telephone &c. Co.,* 15 *Ga. App.* 680 (84 S. E. 175), and citations; *Elders* v. *Beasley,* 167 *Ga.* 122, 123 (144 S. E. 902).

The second affidavit sets out substantially the same facts as contained in the first affidavit and in addition thereto alleges

other facts which existed prior to and at the time the first affidavit was filed, and it appears from the second illegality that the additional facts alleged therein must have been known by the defendant or in the exercise of reasonable diligence could have been known by him at the time of filing the first affidavit of illegality. *Anderson* v. *Georgia State Bank*, 38 *Ga. App.* 225 (143 S. E. 461); *Anderson* v. *Bank of Chatsworth*, 22 *Ga. App.* 736 (97 S. E. 255).

"When a second affidavit of illegality is filed to an execution, the defendant should state fully and specifically the reasons why the grounds contained in the second affidavit could not have been known to him at the time of filing the first affidavit." *Hunter* v. *Davidson*, 59 *Ga.* 260, 262. Under the Code section quoted above, the first affidavit exhausted the right of the defendant to interpose an illegality, except for causes which were unknown to him, and in the exercise of reasonable diligence could not have been known by him, at the time of filing the first; and to entitle him to file and have a second affidavit of illegality considered, it is necessary that the reasons for not including the grounds contained in the second affidavit in the first one shall be fully stated, and it is also necessary that the affiant affirmatively aver that such new grounds were not known to, nor in the exercise of reasonable diligence could have been discovered by him, at or before the filing of the first affidavit of illegality.

The only reason given by the defendant for not including the grounds contained in the second affidavit of illegality in the first was "that the facts stated herein were not known, as stated at the time of the filing of the first, and could not have been known by the exercise of reasonable diligence." This was not sufficient; and especially is this true where, as here, the facts alleged in the second affidavit and the nature and circumstances thereof show that they existed and must have been known by the defendant at the time the first affidavit of illegality was filed.

The court did not err in sustaining the general demurrer to the second affidavit of illegality as amended and dismissing the same.

*Judgment affirmed. Felton and Worrill, JJ., concur.*